UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REAVIS                                    CIVIL ACTION

VERSUS                                    NO: 14-2543

LEGISLATURE OF THE STATE                  SECTION: "J" (5)
OF LOUISIANA

## ORDER & REASONS

Before the Court is Defendant Legislature of the State of Louisiana's *Motion to Dismiss* **(Rec. Doc. 11)** and Plaintiff Wayne Michel Reavis, Jr.'s opposition thereto. (Rec. Doc. 13) Having considered the motion and memoranda of the parties, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff filed suit against "The Legislature of the State of Louisiana R.S. 15:1171" for the alleged miscalculation of his sentence by a judge and the Department of Corrections pursuant to Louisiana Revised Statute Section 15:1171. (Rec. Doc. 1) The Court construes this allegation as a constitutional challenge to Section 15:1171.[1] Plaintiff alleges that the statute allows for

---

[1] Louisiana Revised Statute Section 15:1171 states,

    A. The Department of Public Safety and Corrections and each sheriff may adopt an administrative remedy procedure at each of their adult and juvenile institutions, including private prison facilities.

    B. The department or sheriff may also adopt, in accordance with the Administrative Procedure Act, administrative remedy

two people-or entities-to hand down sentences in Louisiana. Id.
He further seems to allege that, in his case, this practice has
resulted in an unconstitutional extension of his sentence beyond
his original release date.[2] (Rec. Doc. 13) Thus, because the
Court interprets Plaintiff's complaint as alleging a cause of

---

        procedures for receiving, hearing, and disposing of any and all
complaints and grievances by adult or juvenile offenders against
the state, the governor, the department or any officials or
employees thereof, the contractor operating a private prison
facility or any of its employees, shareholders, directors,
officers, or agents, or a sheriff, his deputies, or employees,
which arise while an offender is within the custody or under the
supervision of the department, a contractor operating a private
prison facility, or a sheriff. Such complaints and grievances
include but are not limited to any and all claims seeking
monetary, injunctive, declaratory, or any other form of relief
authorized by law and by way of illustration includes actions
pertaining to conditions of confinement, personal injuries,
medical malpractice, time computations, even though urged as a
writ of habeas corpus, or challenges to rules, regulations,
policies, or statutes. Such administrative procedures, when
promulgated, shall provide the exclusive remedy available to the
offender for complaints or grievances governed thereby insofar as
federal law allows. All such procedures, including the adult and
juvenile offender disciplinary process, promulgated and effective
prior to June 30, 1989, shall be deemed to be the exclusive
remedy for complaints and grievances to which they apply insofar
as federal law allows.

        C. The department or sheriff may also adopt procedures for adult
or juvenile offenders to discover and produce evidence in order
to substantiate their claims and promulgate rules and regulations
governing the recommendation, review, and approval of an award
for monetary relief.

        D. For the purposes of this Part, status as an "offender" is
determined as of the time the basis for a complaint or grievance
arises. Subsequent events, including posttrial judicial action or
release from custody, shall not affect status as an "offender"
for the purposes of this Part.

LA. R.S. § 15:1171 (2001)(footnote omitted). Furthermore, the Editor's Notes
explain that the statute has been held unconstitutional by the Louisiana
Supreme Court when applied to tort actions. See Pope v. State, 99-CC-2559
(La. 6/29/01), 792 So.2d 713.

[2] Although this claim was not evident to the Court from Plaintiff's complaint,
Plaintiff's opposition leads the Court to believe that this at least in part
provides the basis for Plaintiff's complaint. (Rec. Docs. 1, 13)

action for the violation of his federal constitutional rights by state actors, the Court construes his claim as one brought pursuant to 42 U.S.C. § 1983. See Collins v. City of Harker Heights, Tex., 503 U.S. 115, 119 (1992). Plaintiff seeks injunctive relief: the recalculation of his sentence by a state court in a jury trial. (Rec. Doc. 1)

On January 21, 2015, Defendant filed the instant *Motion to Dismiss*, arguing that this Court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim upon which relief may be granted. (Rec. Doc. 11) On February 2, 2015, Plaintiff opposed the motion.[3] (Rec. Doc. 13)

## PARTIES' ARGUMENTS

Defendant argues that Plaintiff's complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's claims because state defendants are entitled to immunity under the Eleventh Amendment to the United States Constitution. Defendant asserts that the well-established law of this circuit and Louisiana is clear that Louisiana has not waived its immunity from suit in

---

[3] Plaintiff styled the document as a habeas petition, entitling it a "Motion for Feaderal [sic] habeas corpus on state charges Because my full turm [sic] Date should 4-30-12." (Rec. Doc. 13) Because Plaintiff filed this document in this lawsuit, on the day before his opposition was due under the Local Rules, and provides therein additional information that assists the Court in interpreting his vague and confounding complaint, the Court construes the document as an opposition to Defendant's motion.

federal court and that no suit shall be instituted against the state in any other court besides a Louisiana state court. In addition, a narrow exception to Eleventh Amendment immunity, the Ex Parte Young doctrine, which applies to officials who are named as defendants, does not apply in this case. Specifically, Defendant argues that Plaintiff has failed to meet the requirements of the Ex Parte Young doctrine as necessary to pierce a state official's Eleventh Amendment immunity.

Additionally, Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted because state defendants are entitled to legislative immunity. Defendant argues that not only is it immune from damages, but it is also immune from the suit in its entirety because Plaintiff has challenged actions that fall within the scope of its "legislative activity." In the alternative, Defendant insists that, to the extent that its members are sued in their individual capacities, the members, as state defendants, are entitled to qualified immunity. Defendants argue that this is so because the doctrine of qualified immunity provides protection to all except those who are "plainly incompetent" or "those who knowingly violate the law." Importantly, Plaintiff has the burden of proving that qualified immunity does not apply, and Plaintiff's allegations do not rise to a level of "objective

unreasonableness." Finally, Defendant contends that Plaintiff has failed to meet his burden for obtaining injunctive relief.

In what this Court has construed as Plaintiff's opposition, Plaintiff requests relief because he allegedly remains incarcerated beyond his original full term. He further seems to suggest that the State has subjected him to double jeopardy in violation of the Constitution.[4] In support, Plaintiff attached various documents that evince his incarceration. However, the motion and the attached documents do not contain legal arguments or assertions in response to Defendant's motion.

**LEGAL STANDARD**

**A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss

---

[4] Plaintiff attached to his document a page that contains the definition of double jeopardy.

pursuant to Rule 12(b)(6). <u>United States v. City of New Orleans</u>, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. <u>Lormand v. U.S. Unwired, Inc.</u>, 565 F.3d 228, 232-33 (5th Cir. 2009); <u>Baker v. Putnal</u>, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. <u>Iqbal</u>, 556 U.S. at 678.

## B. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff

pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

Although *pro se* plaintiffs are held to less stringent standards than lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002). Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

## DISCUSSION

**A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

Defendant asserts that Plaintiff's claims must be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction because Defendant is entitled to Eleventh Amendment immunity. (Rec. Doc. 11-1, p. 5) The Eleventh Amendment to the United States Constitution reads, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment encompasses both suits brought against a state by citizens of another state and suits brought against a state by citizens of that state. See Hans v. Louisiana, 134 U.S. 1 (1890). Furthermore, the Eleventh Amendment bars citizens of that state or of another state from bringing suit against the State in federal court, unless the State has waived its immunity or Congress has abrogated its immunity. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002). Louisiana has not waived its sovereign immunity for suits brought against the state in federal court. See LA. REV. STAT. ANN. § 13:5106 ("[N]o suit against the state shall be instituted in any court other

than a Louisiana state court."); <u>Cozzo</u>, 279 F.3d at 281.
Finally, in enacting 42 U.S.C. § 1983, Congress did not abrogate
the States' Eleventh Amendment immunity.[5] <u>Will v. Michigan Dept.</u>
<u>of State Police</u>, 491 U.S. 58, 66 (1989)(citing <u>Quern v. Jordan</u>,
440 U.S. 332, 350 (1979)).

In addition, "Eleventh Amendment immunity will extend to
any state agency or other political entity that is deemed the
'alter ego' or an 'arm' of the State." <u>Vogt v. Bd. of Comm'rs of</u>
<u>Orleans Levee Dist.</u>, 294 F.3d 684, 688-89 (5th Cir. 2002)
(citing <u>Regents of the Univ. of California v. Doe</u>, 519 U.S. 425,
429 (1997)). Therefore, a suit in which the state or one of its
agencies or departments is named as the defendant is generally
proscribed by the Eleventh Amendment. <u>Hall v. Louisiana</u>, 974 F.
Supp. 2d 964, 972 (M.D. La. 2013) (citing <u>Lewis v. Univ. of Tex.</u>
<u>Med. Branch at Galveston</u>, 665 F.3d 625, 630 (5th Cir. 2011)).
Although there is no bright-line rule for determining what
constitutes "an arm" of the State, the Fifth Circuit has
typically looked to the following six factors: "(1) whether
state statutes and case law characterize the agency as an arm of
the state; (2) the source of funds for the entity; (3) the
degree of local autonomy the entity enjoys; (4) whether the

---

[5] Although "<u>Ex Parte Younger</u> does permit suits against state officials to
force compliance with the Constitution and federal law," <u>Fairley v. Stalder</u>,
294 Fed. Appx. 805, 812 (5th Cir. 2008)(citing <u>Ex Parte Younger</u>, 209 U.S. 123
(1908), Plaintiff has not filed suit against state officials. Rather,
Plaintiff filed suit against one of the three branches of the state of
Louisiana.

entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property." Vogt, 294 F.3d at 689. The most significant or persuasive factor when assessing an entity's status is whether a judgment against that entity will be paid with state funds. Id. (citing Delahoussaye v. City of New Iberia, 937 F.2d 144, 147-48 (5th Cir. 1991)).

Here, the Court concludes that the Louisiana Legislature is, indeed, an "alter ego" or "arm" of the state. Defendant Louisiana Legislature is one of the three governing bodies of the state, as defined by the Louisiana Constitution. See LA. CONST, art. 2 § 1. Its duties and obligations serve the entire state. If the Louisiana Legislature did not qualify as the state or its "alter ego" or "arm," then the Court struggles to comprehend what would so qualify. Therefore, Plaintiff's claims are barred by the Eleventh Amendment, and this court lacks subject matter jurisdiction to consider Plaintiff's claims.[6]

---

[6] In its motion, Defendant engages in a lengthy discussion of the Ex Parte Young doctrine and its inapplicability in this case. (Rec. Doc. 11-1, p. 6) In so doing, Defendant construes Plaintiff's pro se complaint so broadly as to fabricate additional or alternative defendants, namely, state officials. Again, this Court does not find the need to address this particular argument, because Plaintiff names as Defendant "Legislature of the State of Louisiana R.S. 15:1171" generally and without reference to any particular state official.

**B. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

In addition to its arguments regarding this Court's lack of subject matter jurisdiction, Defendant also argues that Plaintiff's complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). However, when a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, "the court should dismiss only on the jurisdictional ground under Fed. R. Civ. P. 12(b)(1), without reaching the question of failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977) (citing C. Wright & A. Miller, Federal Practice and Procedure: Civil s 1350 (1971)). Therefore, this Court will not address Defendant's Rule 12(b)(6) arguments.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss* **(Rec. Doc. 11)** is **GRANTED.**

New Orleans, Louisiana this 13th day of February, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE